# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br>vs.<br>RUBEN ALCAZAR-BUSTOS,<br>                            Defendant. | CASE NO. 08cr4571WQH<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the motion to dismiss indictment due to invalid deportation filed by the Defendant Ruben Alcazar-Bustos (Doc. # 11).

## FACTUAL BACKGROUND

      Defendant was born on May 14, 1987 and came to the U.S. without permission when he was two months old. Defendant lived with his parents in Modesto, California.

      On February 6, 2003, at age fifteen, Defendant was convicted of burglary in the second degree and battery and received a sentence of 38 months probation and 45 days in juvenile hall.

      In 2004, Defendant was convicted of taking a vehicle without the owner's consent and received a sentence of 180 days in juvenile hall.

      In September 2005, Defendant married a United States citizen. Defendant's wife states in a declaration

> I married Ruben on September 2, 2005. Our son Ruben Jr. was born on June 14, 2006 in Modesto, California. One month later, Ruben turned himself in to start

> serving his prison sentence .
> It is extremely difficult living without Ruben. He worked and was the one who provided most of the money we lived on. At the time we were living together, I only worked part time as a cashier. I primarily stayed home to take care of Ruben Jr.
> After Ruben was sent to prison and then deported, I was forced to move back home with my parents because I could not afford to live in the apartment we shared together.
> If I knew I could have applied for Ruben to come into the country legally, I would have.

(Doc. # 11-3 at 6).

On July 5, 2006, Defendant was convicted of minor in possession of a concealed weapon in violation of California Penal Code and received a sentence of 3 years in prison. A state probation report prepared in September 2006 indicated that Defendant reported that he was employed from August 2005 until July of 2006 on a full time basis with his step father doing home remodeling. The probation report further indicated that Defendant was an admitted gang member and had been so for the last four years. (Doc. #12-2 at 5-6).

On October 20, 2006, at age nineteen, Defendant was convicted of unlawful possession of a firearm due to probation and received a sentence of 8 months in prison. In May 2007, while Defendant was in state custody, Immigration and Customs Enforcement placed an immigration detainer on the Defendant.

On June 5, 2008, a Notice to Appear was filed against the Defendant alleging that he was subject to removal on the grounds that he is a native of Mexico; not admitted or paroled into the United States; convicted of the offense of possession of a firearm by a minor; and sentenced to a term of three years.

In July 2008, Defendant was released from state custody to immigration detention in Imperial, California. On July 22, 2008, Defendant appeared before an Immigration Judge. Defendant waived an attorney and admitted the allegations in the Notice to Appear. During the hearing, the Immigration Judge concluded that the Defendant's conviction for possession of a firearm by a minor "would be a firearms offense that constitutes an aggravated felony." (Doc.# 11-3 at 17). The Immigration Judge found that the Defendant was not eligible for voluntary departure and that no other relief applied in his case. The Immigration Judge ordered the Defendant removed from the United States. Defendant waived appeal to a higher

1  court.

2  On July 22, 2008, Defendant was physically deported from the United States.

3  On July 24, 2008, Defendant was apprehended by Border Patrol Agents six miles north
4  of the United States/Mexico border. Defendant was subsequently charged in this case with a
5  violation of 8 U.S.C. 1326(a) and (b).

## APPLICABLE STANDARD

7  In order to sustain a collateral attack under §1326(d), a defendant must, within
8  constitutional limitations, demonstrate (1) that he exhausted all administrative remedies
9  available to him to appeal his removal order, (2) that the underlying removal proceedings at
10 which the order was issued improperly deprived him of the opportunity for judicial review, and
11 (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying
12 removal order is fundamentally unfair if: 1) an alien's due process rights were violated by
13 defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects.
14 *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004). *United States v.*
15 *Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2003).

## CONTENTIONS OF PARTIES

17 Defendant contends that the Court must dismiss the indictment against him on the
18 grounds that his due process rights were violated at his deportation hearing. Defendant asserts
19 that the Immigration Judge improperly determined that he was not eligible for pre-conclusion
20 voluntary departure under Section 1229c(a)(1). Defendant contends that he suffered prejudice
21 from the Immigration Judge's determination because he was an ideal candidate for pre-
22 conclusion voluntary departure.

23 The Government agrees that the Defendant had not been convicted of an aggravated
24 felony at the time of his July 2008 immigration hearing and that the Defendant was eligible for
25 pre-conclusion voluntary departure under Section 1229c(a)(1). The Government contends that
26 the Defendant cannot show prejudice from the failure of the Immigration Judge to consider
27 voluntary departure because the Defendant cannot show factors favorable to the exercise of
28 discretion.

## RULING OF THE COURT

Even if the underlying removal was fundamentally unfair because the Defendant was eligible for voluntary departure, Defendant must show that he suffered prejudice as a result of the defect. *United States v. Ortiz-Lopez*, 385 F.3d 1202, 1205 (9th Cir. 2004). To prove prejudice, Defendant need not show that he actually would have been granted relief; rather he must show that he had a "plausible" basis for seeking relief from deportation. *United States v. Pallares-Galan*, 359 F.3d 1088, 1103-1104 (9th Cir. 2004). "Once [the alien] makes a prima facie showing of prejudice, the burden shifts to the government to demonstrate that the procedural violation could not have changed the proceedings outcome." *United States v. Gonzalez-Valerio*, 364 F.3d 1051, 1054 (9th Cir. 2003).

Pre-conclusion voluntary departure under 8 U.S.C. Section 1229c(a) provides that "[t]he Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under Section 1229a of this title or prior to the completion of such proceedings, if the alien is not deportable under section 1227(a)(2)(A)(iii) or section 1227(a)(4)(B) of this title." 8 U.S.C. Section 1229c(a)(1). Voluntary departure is a form of discretionary relief. *Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir. 2004). The Court of Appeals for the Ninth Circuit has "held that aliens have no fundamental right to discretionary relief from removal for the purposes of due process and equal protection." *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003).

In order to determine whether to grant discretionary relief from deportation including voluntary departure and adjustment of status the Board of Immigration Appeals is required to examine "all the facts and circumstances of a particular case." *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994). "The BIA or the IJ decides whether an applicant is entitled to a favorable exercise of agency discretion on a case by case basis by taking into account the social and humane considerations presented in the applicant's favor and balancing then against the adverse factors that evidence the applicant's undesirability as a permanent resident." *Vargas-Hernandez v. Gonzalez,* 497 F.3d 919,924 (9th Cir. 2007)(citations omitted). The Immigration Judge and the Bureau of Immigration Appeals are entitled to consider a

1  defendant's criminal convictions in connection with an application for discretionary relief or
2  adjustment of status. *Id.*; *See also Delgado-Chavez v. INS*, 765 F.2d 868, 869 (9th Cir. 1985)
3  ("Convictions may not render an alien statutorily ineligible for voluntary departure. Rather,
4  a conviction may be considered as an adverse factor in deciding whether the favorable exercise
5  of discretion is warranted.").

6        This Court concludes that the facts and circumstances show that the Defendant was not
7  "an ideal candidate for voluntary departure." (Doc.# 11-2 at 11). Defendant entered the United
8  States without inspection as a child and remained in the United States without legal status from
9  the time he entered until he was removed by order of the immigration judge. At the time of
10 his deportation hearing, the Defendant had just turned twenty-one years old and had a serious
11 criminal history involving multiple firearms. At fifteen years old, Defendant had juvenile
12 adjudications for burglary in the second degree and battery. While on probation, Defendant
13 committed another offense for taking vehicle without owner's consent and received 180 days
14 in juvenile hall. A year later, Defendant was arrested for minor in possession of a firearm for
15 an incident on New Years Day in which a .45 caliber semi-automatic handgun was recovered
16 from his pants in a hotel room. After pleading guilty to the firearm offense and while still out
17 on bond, Defendant was arrested on another firearm and later convicted of unlawful possession
18 of a firearm due to probation. Given the Defendant's criminal history, young age, and other
19 personal characteristics, the facts and circumstances of this case do not support a conclusion
20 that voluntary departure was plausible under § 1229c(a)(1). While the Defendant resided in
21 the United States for a lengthy period of time and had a U.S. citizen wife and child, Defendant
22 had compelling factors adverse to the exercise of discretion for voluntary departure including
23 a significant and lengthy criminal history involving firearms, little employment history, no
24 service in the armed forces, no business or property ties, and no service to the community.
25 This Court concludes that the Defendant's criminal history and association with firearms
26 would have been too great for the Immigration Judge to allow the Defendant to voluntary
27 depart. Even taking into account the wide discretion of the Attorney General to grant pre-
28 conclusion voluntary departure, the Court concludes that the Defendant has not shown that he

1  was prejudiced by the determination of the Immigration Judge that he was not eligible for
2  voluntary departure. The Government has presented evidence "to demonstrate that the
3  procedural violation could not have changed the proceedings outcome." *Gonzalez-Valerio*, 342
4  F.3d at 1054.  The Court concludes that facts and circumstances do not support any plausible
5  grounds for discretionary relief and that the Defendant is not entitled to dismissal of his
6  indictment on the grounds that his prior deportation is invalid.

7  IT IS HEREBY ORDERED that Motion to Dismiss Indictment due to Invalid
8  Deportation filed by the Defendant Ruben Alcazar-Bustos (Doc. # 11) is denied.

9  DATED: April 16, 2009

**WILLIAM Q. HAYES**
United States District Judge